1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,              No. 2:05-CV-0579 KJM DAD

12              Plaintiff,

13        v.                                STATUS (PRETRIAL SCHEDULING)

14   APPROXIMATELY $25,474.00 IN U.S        ORDER
     CURRENCY,
15
     and
16
     APPROXIMATELY $1,105.00 IN US.C.
17   CURRENCY,

18              Defendants.

19

20

21          An initial scheduling conference was held in this case on April 30, 2016.  John

22   Balazs appeared for claimant.  Kevin Khasigian appeared after the conference.[1]

23          Having reviewed the parties' Joint Status Report filed on April 28, 2015, and

24   discussed a schedule for the case with claimant's counsel at the hearing, the court makes the

25   following orders:

26   /////

27   _____

28   [1]   Given Mr. Khasigian's apology for his late appearance, the court does not issue the order to
     show cause contemplated.

                                        1

I.      SERVICE OF PROCESS

All potential claimants to the defendant currency have been served and no further service is permitted without leave of court, good cause having been shown.

II.     ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604 (9th Cir. 1992).

III.    JURISDICTION/VENUE

Jurisdiction is predicated upon 28 U.S.C. §§ 1345 and 1355(a).  Jurisdiction and venue are not disputed.

IV.     DISCOVERY

Under Rule 26 of the Federal Rules of Civil Procedure, civil forfeiture actions are exempt from the initial disclosure requirements. *See* Fed. R. Civ. P. 26(a)(1)(B)(ii).  All discovery shall be completed by **November 1, 2016**.  In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.  While the assigned magistrate judge reviews proposed discovery phase protective orders, requests to seal or redact are decided by Judge Mueller as discussed in more detail below.  In addition, while the assigned magistrate judge handles discovery motions, the magistrate judge cannot change the schedule set in this order, even in connection with a discovery matter.

V.      DISCLOSURE OF EXPERT WITNESSES

All counsel are to designate in writing, file with the court, and serve upon all other parties the name, address, and area of expertise of each expert that they propose to tender at trial. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).

/////

2

Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial.  An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

For purposes of this scheduling order, an "expert" is any person who may be used at trial to present evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).  A party shall identify whether a disclosed expert is percipient, retained, or both.  It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed.  Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party.  Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.  All expert discovery shall be completed by **November 1, 2016**.

The court approves the parties' understanding with respect to non-retained expert witnesses, that for purposes of Rule 26(a)(2) requiring the production of a written report, the reports created by the various law enforcement officers, fingerprint experts, chemists, etc., during the course of their criminal investigation will satisfy all the Rule 26(a)(2)(B) requirements.

If either party retains or specially employs an individual to provide expert testimony, that party will identify the expert and produce a report that complies with Rule 26(a)(2)(B).

3

VI.     MOTION HEARING SCHEDULE

All dispositive motions, except motions for continuances, temporary restraining orders or other emergency applications, shall be <u>heard no later than</u> **December 16, 2016.**[2] The parties may obtain available hearing dates by checking Judge Mueller's page on the court's website.

All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230 governs the calendaring and procedures of civil motions; the following provisions also apply:

(a)     The opposition and reply must be filed by 4:00 p.m. on the day due; and

(b)     When the last day for filing an opposition brief falls on a legal holiday, the opposition brief shall be filed on the last court day immediately preceding the legal holiday. Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to the motion and the court may dispose of the motion summarily. *Brydges v. Lewis*, 18 F.3d 651, 652-53 (9th Cir. 1994).

The court places a page limit of twenty (20) pages on all moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the motion.

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall engage in a pre-filing meet and confer to discuss thoroughly the substance of the contemplated motion and any potential resolution.  Plaintiff's counsel should carefully evaluate the defendant's contentions as to deficiencies in the complaint and in many instances the party considering a motion should agree to any amendment that would cure a curable defect.  Counsel should discuss the issues sufficiently so that if a motion of any kind is filed, including for summary judgment, the briefing is directed only to those substantive issues requiring resolution by the court.  Counsel should resolve minor procedural or other non-substantive matters during the meet and confer.  **A notice of motion shall contain a certification by counsel filing the**

---

[2]   Note that this date may not correspond to a law and motion calendar date.

4

1  **motion that meet and confer efforts have been exhausted, with a brief summary of meet and**

2  **confer efforts.**

3         The parties are reminded that a motion *in limine* is a pretrial procedural device

4  designed to address the admissibility of evidence.  The court looks with disfavor upon

5  dispositional motions presented at the Final Pretrial Conference or at trial in the guise of motions

6  *in limine*.  Although all motions *in limine* must be filed in conjunction with the joint pretrial

7  statement, the court will hear only those motions it has identified to counsel before the hearing

8  date.

9         The parties are cautioned that failure to raise a dispositive legal issue that could

10  have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off

11  date may constitute waiver of such issue.

12  VII.    SEALING

13         No document will be sealed, nor shall a redacted document be filed, without the

14  prior approval of the court.  If a document for which sealing or redaction is sought relates to the

15  record on a motion to be decided by Judge Mueller, the request to seal or redact should be

16  directed to her and not the assigned Magistrate Judge.  All requests to seal or redact shall be

17  governed by Local Rules 141 (sealing) and 140 (redaction); protective orders covering the

18  discovery phase of litigation shall not govern the filing of sealed or redacted documents on the

19  public docket.  The court will only consider requests to seal or redact filed by the proponent of

20  sealing or redaction.  If a party plans to make a filing that includes material an opposing party has

21  identified as confidential and potentially subject to sealing, the filing party shall provide the

22  opposing party with sufficient notice in advance of filing to allow for the seeking of an order of

23  sealing or redaction from the court.

24  VIII.   FINAL PRETRIAL CONFERENCE

25         The Final Pretrial Conference is set for **March 2, 2017**, at 3:30 p.m.  At least one

26  of the attorneys who will conduct the trial for each of the parties shall attend the Final Pretrial

27  Conference.  If by reason of illness or other unavoidable circumstance a trial attorney is unable to

28  /////

1    attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the

2    case and equal authorization to make commitments on behalf of the client.

3            Counsel for all parties are to be fully prepared for trial at the time of the Final

4    Pretrial Conference, with no matters remaining to be accomplished except production of

5    witnesses for oral testimony.  The parties shall confer and file a joint pretrial conference

6    statement by **February 9, 2017**.  The provisions of Local Rule 281 shall apply with respect to the

7    matters to be included in the joint pretrial statement.  In addition to those subjects listed in Local

8    Rule 281(b), the parties are to provide the court with the following:

9            - A plain, concise statement that identifies every non-discovery motion previously

10   tendered to the court and its resolution.

11           - A concise, joint list of undisputed core facts that are relevant to each claim.

12   Disputed core facts should then be identified in the same manner.  The parties are reminded not to

13   identify every fact in dispute but only those disputed facts that are essential to the formulation of

14   each claim.  Each disputed fact and undisputed fact should be separately numbered or lettered.

15   Where the parties are unable to agree on the core disputed facts, they should nevertheless list core

16   disputed facts in the above manner.

17           - Concise lists of disputed evidentiary issues that will be the subject of a party's

18   motion *in limine*.

19           - Each party's points of law, which concisely describe the legal basis or theory

20   underlying their claims and defenses.  Points of law should reflect issues derived from the core

21   undisputed and disputed facts.  Parties shall not include argument with any point of law; the

22   parties may include concise arguments in their trial briefs.

23           - A joint statement of the case in plain concise language, which will be read to the

24   jury during voir dire and at the beginning of the trial.  The purpose of the joint statement is to

25   inform the jury what the case is about.

26           - The parties' position on the number of jurors to be impaneled to try the case.

27           Discovery documents to be listed in the pretrial statement shall not include

28   documents to be used only for impeachment and in rebuttal.

1         The parties are reminded that pursuant to Local Rule 281 they are required to

2    attach to the Final Pretrial Conference Statement an exhibit listing witnesses and exhibits they

3    propose to offer at trial.  After the name of each witness, each party shall provide a brief

4    statement of the nature of the testimony to be proffered.  The parties may file a joint list or each

5    party may file separate lists.  These list(s) shall not be contained in the body of the Final Pretrial

6    Conference Statement itself, but shall be attached as separate documents to be used as addenda to

7    the Final Pretrial Order.

8         Plaintiff's exhibits shall be listed numerically.  Defendant's exhibits shall be listed

9    alphabetically.  The parties shall use the standard exhibit stickers provided by the court: pink for

10   plaintiff and blue for defendant.  In the event that the alphabet is exhausted, the exhibits shall be

11   marked "AA-ZZ".  However, if the amount of defendant exhibits exceeds "ZZ" exhibits shall be

12   then listed as A-3, A-4, A-5 etc.  All multi-page exhibits shall be stapled or otherwise fastened

13   together and each page within the exhibit shall be numbered. The list of exhibits shall not include

14   excerpts of depositions to be used only for impeachment.  In the event that plaintiff(s) and

15   defendant(s) offer the same exhibit during trial, that exhibit shall be referred to by the designation

16   the exhibit is first identified.  The court cautions the parties to pay attention to this detail so that

17   all concerned, including the jury, will not be confused by one exhibit being identified with both a

18   number and a letter.  The parties are encouraged to consult concerning exhibits and, to the extent

19   possible, provide joint exhibits, which shall be designated as JX and listed numerically, e.g., JX-

20   1, JX-2.

21        The Final Pretrial Order will contain a stringent standard for the offering at trial of

22   witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the

23   standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses that a

24   party does not intend to offer will be viewed as an abuse of the court's processes.

25        Counsel shall produce all trial exhibits to Casey Schultz, the Courtroom Deputy,

26   no later than 3:00 p.m. on the Friday before trial.

27        Failure to comply with Local Rule 281, as modified by this order, may be grounds

28   for sanctions.

1    The parties also are reminded that pursuant to Rule 16 of the Federal Rules of

2  Civil Procedure it will be their duty at the Final Pretrial Conference to aid the court in: (a) the

3  formulation and simplification of issues and the elimination of frivolous claims or defenses; (b)

4  the settling of facts that should properly be admitted; and (c) the avoidance of unnecessary proof

5  and cumulative evidence.  Counsel must cooperatively prepare the joint Final Pretrial Conference

6  Statement and participate in good faith at the Final Pretrial Conference with these aims in mind.[3]

7  A failure to do so may result in the imposition of sanctions which may include monetary

8  sanctions, orders precluding proof, elimination of claims or defenses, or such other sanctions as

9  the court deems appropriate.

10    Concurrently with the filing of the Joint Final Pretrial Conference Statement,

11  counsel shall submit to chambers the word processable version of the Statement, in its entirety

12  (including the witness and exhibit lists) to:  kjmorders@caed.uscourts.gov.

13  IX.    TRIAL SETTING

14    The jury trial is set for **April 17, 2017** at 9:00 a.m.  The parties estimate a trial

15  length of approximately two (2) days.  Trial briefs are due by **April 3, 2017**.

16  X.    SETTLEMENT CONFERENCE

17    No settlement conference is currently scheduled.  A settlement conference may be

18  set at the time of the Final Pretrial Conference or at an earlier time at the parties' request.  In the

19  event that an earlier settlement conference date or referral to the Voluntary Dispute Resolution

20  Program (VDRP) is requested, the parties shall file said request jointly, in writing.

21    Claimant agrees to the trial judge acting as settlement judge and waives

22  disqualification by virtue thereof.

23    Counsel are instructed to have a principal with full settlement authority present at

24  any Settlement Conference or to be fully authorized to settle the matter on any terms.  Each judge

25  /////

26  _____

27  [3]  "If the pretrial conference discloses that no material facts are in dispute and that the undisputed
facts entitle one of the parties to judgment as a matter of law," the court may summarily dispose

28  of the case or claims. *Portsmouth Square v. Shareholders Protective Comm.,* 770 F.2d 866, 868-
69 (9th Cir. 1985).

8

1   has different requirements for the submission of settlement conference statements; the appropriate

2   instructions will be sent to you after the settlement judge is assigned.

3   XI.      MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

4              The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil

5   Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court

6   upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not

7   constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or

8   counsel does not constitute good cause.

9   XII.     OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

10            This Status Order will become final without further order of the court unless

11  objections are filed within fourteen (14) *calendar* days of service of this Order.

12            IT IS SO ORDERED.

13  DATED:  May 5, 2015.

14

15                                          _____

16                                          UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                    9